FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2010 DEC 15  AM 11: 18

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

PATRICK HURLEY,

    Plaintiff,

v.

CASE NO.:

GIL NEUMAN, Individually, and ORLY
ALEXANDER, Individually.

2:10-cv-752-FtM-29DNF

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, PATRICK HURLEY ("Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendants, GIL NEUMAN ("NEUMAN") and ORLY ALEXANDER ("ALEXANDER")(collectively "Defendants"), and states as follows:

### JURISDICTION

2. This action is brought under the FMLA to recover from Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages if permitted, and reasonable attorneys' fees and costs.

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337, and the FMLA. Further this Court has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 *et seq.*

## PARTIES

4. At all times relevant hereto, Plaintiff was an employee of Defendants and resided in Collier County, Florida.

5. From in or about June 2001 to his termination on May 1, 2008, Plaintiff was employed as, among other things, President of Kent Security of Naples, working primarily in Defendant's offices located in Collier County, Florida.

6. At all times relevant to this action, NEUMAN was an individual resident of the State of Florida, who operated the entities for whom Plaintiff worked (including, Kent of Naples, Inc., Kent Security of Palm Beach, Inc., and Kent Security Services, Inc., referred to as the "entities") and who regularly exercised the authority to: (a) hire and fire employees of such entities; (b) determined the work schedules for the employees of such entities; and (c) control the finances and operations of such entities. By virtue of having regularly exercised that authority on behalf of these entities, NEUMAN is an employer as defined by the FMLA.

7. At all times relevant to this action, ALEXANDER was an individual resident of the State of Florida, who operated the entities for whom Plaintiff worked (including, Kent of Naples, Inc., Kent Security of Palm Beach, Inc., and Kent Security Services, Inc., referred to as the "entities") and who regularly exercised the authority to: (a) hire and fire employees of such entities; (b) determined the work schedules for the employees of such entities; and (c) control the finances and operations of such entities. By virtue of having regularly exercised that authority on behalf of these entities, ALEXANDER is an employer as defined by the FMLA.

8. Defendants, along with the entities discussed above, are also employers under the FMLA because they were engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

9. At all times relevant hereto, Defendants, and the entities they managed were Plaintiff's "integrated employers" under the FMLA, because they had: (i) common management; (ii) their operations were interrelated; (iii) centralized control of labor relations; and (iv) common ownership/financial control.

10. At all times relevant hereto, Defendants, and the entities described above, were Plaintiff's "joint employer," for the purposes of FMLA coverage, pursuant to 29 C.F.R. §825.106, because: (i) there was an arrangement between them to share employees' services or to interchange employees; (ii) each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) they were not and are not completely disassociated with respect to the Plaintiff's employment and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

11. At all times relevant hereto, Plaintiff worked at a location where Defendants employed 50 or more employees within 75 miles.

12. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

13. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendants interfered with Plaintiff's right to take FMLA leave and discriminated against Plaintiff, because he took FMLA leave.

14. From in or about June 2001 to his termination in May 1, 2008, Plaintiff was employed as President of Kent Security of Naples, working primarily in Defendant's offices located in Collier County, Florida, ultimately earning approximately $128,000 per year, plus bonuses, and exclusive of the value of fringe benefits.

15. In or about 2005, Plaintiff was first diagnosed by his physician that he had a "serious health condition." Specifically, Plaintiff was diagnosed with depression and related mental health symptoms and illness. Thereafter, as a result of his illness, he was prescribed various medications by medical professionals. Additionally, Plaintiff was required to (and did) treat with therapists, on multiple occasions, as a result of his medical condition.

16. Throughout his treatment with both medical professionals and therapists, these professionals repeatedly cautioned Plaintiff that he should take medical leave, so that he could properly recover from his medical condition.

17. However, in early 2008, Plaintiff's medical condition deteriorated to such an extent that he was required to take leave from his work for Defendant, in order to properly treat his medical condition.

18. Therefore, Plaintiff requested leave from NEUMAN in writing. However, NEUMAN summarily denied Plaintiff's request.

19. Shortly thereafter, Plaintiff, advised NEUMAN again, in writing, that his (Hurley's) health professionals had advised him that his requested time off was medically necessary and related to his previously diagnosed medical condition.

20. The very next day, Plaintiff spoke with NEUMAN on the telephone and again advised him that his request for leave was medically necessary due to the depression and other mental issues from which he was suffering. Rather that inquire further about same, NEUMAN simply terminated Plaintiff's employment.

21. NEUMAN's termination of Plaintiff, and his actions after learning that Plaintiff sought to exercise his rights pursuant to the FMLA were in violation of the FMLA, because he interfered with Plaintiff's right to take FMLA leave and discriminated against Plaintiff for taking FMLA leave.

## COUNT I – INTERFERENCE WITH RIGHT TO TAKE LEAVE

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

24. At all times relevant hereto, Defendants' interference with Plaintiff's right to take leave from work, violated the FMLA.

25. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

26. Plaintiff gave NEUMAN appropriate written and verbal notice of his need to be absent from work, due to his serious medical condition.

27. Defendants interfered with the exercise of Plaintiff's right to unpaid leave, because NEUMAN terminated Plaintiff's employment as a result of Plaintiff's exercising his right to FMLA leave.

28. Defendants interfered with the exercise of Plaintiff's right to leave, because Defendants refused to allow Plaintiff to return to his job, or to an equivalent position, upon return from his FMLA leave.

29. Defendants interfered with the exercise of Plaintiff's right to leave, because NEUMAN failed to provide Plaintiff a written notice detailing specific expectations and obligations of Plaintiff and explaining any consequences of a failure to meet those obligations.

30. As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, PATRICK HURLEY, demands judgment against Defendants, jointly and severally, for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages if permitted, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - DISCRIMINATION

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

34. At all times relevant hereto, Defendants discriminated against Plaintiff, at least partially because Plaintiff exercised his right to take leave from work under the FMLA.

35. At all times relevant hereto, Defendants discriminated against Plaintiff in violation of the FMLA.

36. At all times relevant hereto, Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA.

37. Plaintiff gave Defendants appropriate notice of his need to be absent from work in both writing and verbally.

38. Defendants discriminated against Plaintiff for exercising his right to leave, because NEUMAN terminated Plaintiff's employment as a result of Plaintiff's exercising his right to leave.

39. Defendants discriminated against Plaintiff for exercising his right to unpaid leave, because Defendants refused to allow Plaintiff to return to his job, or to an equivalent position, upon return from his FMLA leave.

40. At all times relevant hereto, Defendants acted with the intent to discriminate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

41. As a result of Defendants intentional, willful and unlawful acts by discriminating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

43. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, PATRICK HURLEY, demands judgment against Defendants, jointly, and severally, for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages if permitted, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

DATED this 7th day of December 2010.

MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
Tel: 954-318-0268
Toll Free: 877-435-9243
Fax: 954-333-3515
E-mail: rceller@forthepeople.com

RICHARD CELLER
FL Bar No.: 173370